IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS,

J.B.W.,1

           Plaintiff,

Vs.                                                  No. 19-2615-SAC

ANDREW M. SAUL,
Commissioner of Social Security,

           Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the defendant Commissioner of Social Security ("Commissioner") that denied disability insurance benefits to the claimant J.B.W. after the district court had reversed the Commissioner's prior decision denying benefits and remanded it pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the court's memorandum and order. *Warlop v. Colvin*, No. 15-2624-SAC, 2016 WL 1056559 (D. Kan. Mar. 16, 2016). The administrative law judge ("ALJ") on remand held a supplemental hearing on June 14, 2018, taking the testimony of a consulting, non-examining clinical psychologist and the claimant. ECF# 3-1, p. 1105. The ALJ held a second

---

1 The use of initials here is pursuant to the court's efforts to preserve privacy interests. Even though the history of this litigation tempers the privacy interests, the court will follow its practice.

1

supplemental hearing on November 7, 2018, hearing the testimony of a consulting, non-examining orthopedic surgeon, the claimant, and a vocational expert. ECF# 3-1, p. 1059. The ALJ filed his decision on June 12, 2019, finding that through the date last insured, March 31, 2016, J.B.W. was not disabled as the "claimant was capable of making a successful adjustment to other work (unskilled SVP-2 light exertional level occupations) that existed in significant numbers in the national economy. ECF# 3-1, pp. 1047-48. The claimant timely appealed to this court and filed his brief in support asking for Commissioner to be reversed and the plaintiff's claim to be "remanded for the award and calculation of benefits based upon the well-supported medical opinions and the testimony of the vocational expert that an individual with plaintiff's limitations was unemployable." ECF# 10, p. 54.

The Commissioner has filed a motion on June 26, 2020, asking that the case be remanded for further administrative action pursuant to sentence four, 42 U.S.C. § 405(g). The Commissioner explains that the court has the authority to remand the case. He also discloses that the "Appeals Council, in its role as finder of fact, has further reviewed Plaintiff's case and determined that a remand . . . , pursuant to sentence four of 42 U.S.C. § 405(g) to conduct further proceedings is appropriate." ECF# 10, ¶ 2. The Commissioner does not offer any reasons for his motion or for the Appeals Council's determination. The motion does not indicate what matters need

further proceedings on remand. Apparently, the Commissioner and the Appeals Council agree with some of the claimant's asserted errors and wants a remand without expressly conceding a particular error.

Claimant opposes the motion to remand for further administrative action and wants a remand and reversal for an award and calculation of benefits. Claimant notes the district court first remanded this case because the ALJ erred in assigning weight to the medical and other opinions, and now the claimant contends a different ALJ has made the same error. The latest ALJ's errors resulted in residual functional capacity ("RFC") findings lacking substantial evidence, in hypothetical questions to the vocational expert ("VE") lacking all documented limitations, and in VE testimony lacking requisite completeness. Claimant argues the Commissioner now has twice failed to carry his burden at step five of properly showing the plaintiff can do other gainful work activity. The Commissioner "is not entitled to adjudicate a case ad infinitum until it correctly applies the proper legal standard and gathers evidence to support its conclusion." ECF# 14, p. 2 (citing in part, *Sisco v. U.S. Dept. of Health and Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993)). Claimant complains of the long delay in his proceedings caused by the Commissioner's "erroneous disposition of the proceedings." *Id.* at p. 3 (quoting *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993)). Claimant points out that

over eight years have passed since he filed his claim for disability insurance benefits. Claimant notes his alleged onset date is August 13, 2010, his last insured date is March 31, 2016, and the record in his case is replete with medical opinions including two more medical consultants added by the ALJ on remand. These circumstances show that a remand for additional fact-finding would serve no useful purpose according to the claimant. Finally, the claimant argues the "evidence as a whole" sustains a conclusion that his mental disorders make him incapable of gainful employment. Besides citing his disability brief, claimant points to the opinion testimony on remand from the ALJ's consulting orthopedic surgeon that, on an unpredictable basis, J.B.W. would need to change positions at work and to miss work. The claimant notes that the VE testified on remand that competitive employment would be precluded if the claimant needed to change positions more than every 30 minutes or to miss more than eight days per year. In sum, claimant contends substantial evidence shows him to be disabled and entitled to benefits on remand and that further administrative proceedings would serve no useful purpose and result in even more delay.

      The Commissioner has filed a single-page reply. ECF# 15. It does not respond to the claimant's many reasons for a reverse and remand with an award of benefits. Instead of addressing the case law cited in support of the claimant's reasons, the Commissioner posits:

> Reversal for payment of benefits is not warranted absent a showing of disability. *See Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (citations omitted); *Harris v. Sec'y of Health and Human Servs.*, 821 F.2d 541, 545 (10th Cir. 1987). The amount of time his claim has been pending does not establish that Plaintiff is disabled (contra Pl. Br.). Plaintiff fails to show that the facts or the law justify an award of benefits. Meanwhile, the Social Security Act provides for an award of benefits only when a claimant is actually disabled under the standards of the statute. 42 U.S.C. §§ 423(a)(1)(E), (d). And the Act provides that the Commissioner—not a federal court—is the fact finder. 42 U.S.C. § 405(g); *see I.N.S. v. Orlando-Ventura*, 537 U.S. 12, 17, 18 (2002).

ECF# 15, p. 1. When placed within the context of this case, the Commissioner apparently is arguing that the claimant must show he will prevail at step five before a court can remand for an award of benefits. The Commissioner also may be suggesting that the Social Security Act somehow denies courts the discretion to award benefits on remand. The Commissioner, however, fails to cite any legal authority supporting either of these positions.

The court is not persuaded by the Commissioner's arguments. First, the Tenth Circuit in *Salazar v. Barnhart* did not condition a reversal for payment of benefits upon a claimant showing as a matter of law he would prevail at step five. Instead, the court looked at "whether or not 'given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits.'" 468 F.3d at 626 (quoting *Harris v. Sec'y of Health & Human Servs.*, 821 F.2d 541, 545

(10th Cir. 1987)). The court then held:

> We find it difficult to imagine that any medical or psychological professional would be able to prepare a retrospective analysis of Ms. Salazar's mental impairments in 2001, or the effect of her DAA [drug alcohol addiction]. This, along with the lack of evidence that she would not be disabled in the absence of her DAA, leads us to conclude that a remand for additional fact finding and a correct application of the law would serve no useful purpose. We therefore award benefits.

468 F.3d at 626. The ALJ here found at step two that one of the claimant's impairments met a listed impairment but that the impairment was secondary to chronic substance abuse, which if stopped, would allow the claimant to recover her RFC for light work. 468 F.3d at 621. Thus, it is significant that the Tenth Circuit held that there was "not substantial evidence to support the ALJ's conclusion that Ms. Salazar would not be disabled in the absence of her DAA." 468 F.3d at 624. In short, the panel remanded with benefits because it "was difficult to imagine" that proper evidence could be found on the DAA and because it had concluded that there was not substantial evidence to show she was not disabled without the DAA. *See Madron v. Astrue*, 311 Fed. Appx. 170, 182 (10th Cir. 2009) (reverse and remand for benefits, because with a proper RFC assessment, "there is no reasonable probability" the claimant would be denied benefits).

In resolving this question, this court looks to its own summary of governing circuit law:

When a decision of the Commissioner is reversed, it is within the

> court's discretion to remand either for further administrative proceedings or for an immediate award of benefits. When the defendant has failed to satisfy their burden of proof at step five, and when there has been a long delay as a result of the defendant's erroneous disposition of the proceedings, courts can exercise their discretionary authority to remand for an immediate award of benefits. *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir.1993). The defendant is not entitled to adjudicate a case ad infinitum until it correctly applies the proper legal standard and gathers evidence to support its conclusion. *Sisco v. United States Dept. of Health & Human Services*, 10 F.3d 739, 746 (10th Cir.1993). A key factor in remanding for further proceedings is whether it would serve a useful purpose or would merely delay the receipt of benefits. *Harris v. Secretary of Health & Human Services*, 821 F.2d 541, 545 (10th Cir.1987). Thus, relevant factors to consider are the length of time the matter has been pending, and whether or not, given the available evidence, remand for additional fact-finding would serve any useful purpose, or would merely delay the receipt of benefits. *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir.2006). The decision to direct an award of benefits should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence in the record as a whole indicates that the claimant is disabled and entitled to benefits. *Gilliland v. Heckler*, 786 F.2d 178, 184, 185 (3rd Cir.1986).

*Farmer v. Astrue*, 832 F. Supp. 2d 1293, 1302–03 (D. Kan. 2011).

The court addresses each factor. The court understands the Commissioner's motion to remand as apparently conceding his failure to satisfy the burden of proof at step five. The claimant's brief persuasively argues several significant errors in the ALJ's weighing of the medical opinions and other opinions. The record includes the medical opinions of several examining physicians plainly supporting a finding of disability due to mental limitations that impacted the claimant's ability to deal with chronic pain from his physical impairments. The court concurs with the

7

Commissioner's apparent position that the consulting medical opinions obtained and weighed by the ALJ on remand do not provide substantial evidence for a finding that the claimant could perform other gainful employment.

The Commissioner's erroneous disposition in this case has caused a long delay. Over eight years have passed since the claimant has filed his claim for disability insurance benefits; almost ten years have passed since his alleged onset date; and his last insured date is over four years ago. This court remanded the case in March of 2016, and the ALJ's decision on remand was issued over three years later. The delay here plainly favors a reversal with an award of benefits.

As the Tenth Circuit has said, the Commissioner "is not entitled to adjudicate a case *ad infinitum* until it correctly applies the proper legal standard and gathers evidence to support its conclusion." *Sisco*, 10 F.3d at 746. There have been two administrative hearings and two decisions by ALJs. Both times, the claimant showed his disability through the first four steps. Despite this case being remanded with instructions on applying the correct legal standards to evaluate all medical opinions, a second ALJ erred again. Therefore, the Commissioner—for a second time—failed to meet his burden at step five to show the claimant can perform other gainful work activity. On remand, the ALJ took the testimony of a consulting non-

8

examining orthopedic surgeon and gave it "great weight." ECF# 3-1, p. 1038. The ALJ, however, disregarded important parts of this medical expert's testimony specifically when he acknowledged that the claimant's need and frequency for standing and sitting would vary from good days to bad days, that he would need to miss work on bad days, and that he could not give an opinion as to how often these needs would arise as it was unpredictable. ECF# 3-1, pp. 1078-79. Such testimony does not square with VE's testimony on the ability for competitive employment. In sum, this reason favors a reversal with benefits, as the Commissioner gives no explanation for why he should have yet a third chance to apply the legal standards correctly. Without hearing any justification or explanation from the Commissioner, the court finds "there is no need for further proceedings in this matter other than a remand for an award of benefits." *Sisco*, 10 F.3d at 746 (citing 42 U.S.C. § 405(g) ("The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the case for a rehearing.")).

Finally, based on the discussion found in the court's earlier decision, on the extensive presentation found in the claimant's brief on the merits, and on the Commissioner's failure to address these matters now on appeal, the court's impression is that the substantial and uncontradicted

9

evidence in the record as a whole indicates the claimant is disabled and entitled to benefits. The testimony of the examining physicians and of the many medical experts involved in the workers' compensation matters are consistent with a finding of disability. The claimant's testimony is consistent with these expert opinions, and his activities are consistent with his alleged disability. The ALJ's credibility call based on the lack of medical treatment is belied by the medical record and fails to address the claimant's lack of income and his psychological condition exacerbating his pain problems. For all these reasons, the court shall remand the case for an award and calculation of benefits.

IT IS THEREFORE ORDERED that the Commissioner's motion to remand for further administrative action ECF# 13 is granted in part and denied in part. The Commissioner's decision denying benefits is reversed and remanded, not for further administrative action, but for the award and calculation of benefits. Judgment shall be entered in accordance with sentence four of 42 U.S.C. § 405(g) reversing the Commissioner's decision and remanding this case for a calculation and award of benefits.

Dated this _31st_ day of July, 2020, Topeka, Kansas.

_____/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge