IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS,

J.B.W.,1

                Plaintiff,

      Vs.                                       No. 19-2615-SAC

ANDREW M. SAUL,
Commissioner of Social Security,

                Defendant.


MEMORANDUM AND ORDER

On July 31, 2020, the court entered a memorandum and order

granting in part the motion to remand (ECF# 13) filed by the defendant

Commissioner of Social Security ("Commissioner"). ECF# 16. Instead of

remanding for more administrative proceedings on a disability

determination, the court reversed and remanded for a calculation and award

of benefits. *Id*. Judgment was entered pursuant to sentence four of 42

U.S.C. § 405(g) reversing the Commissioner's decision and remanding this

case for a calculation and award. ECF# 17. Counsel for the claimant J.B.W.

filed on October 12, 2020, a motion for attorney fees under the EAJA along

with counsel's affidavit and exhibits. ECF## 18 and 19. The motion asked

---

1 The use of initials here is pursuant to the court's efforts to preserve privacy
interests. Even though the history of this litigation tempers the privacy
interests, the court will follow its practice.

for fees in the amount of $9,702 (49 hours at $198 per hour) and costs in the amount of $400. On November 11, 2020, claimant's counsel filed a statement of consultation indicating the parties had not reached an agreement on the fee request. ECF# 20. Counsel filed the same day a memorandum in support of her EAJA attorney fees motion. ECF# 21.

The Commissioner agrees that "[t]here is no dispute that Plaintiff's counsel deserves compensation for Plaintiff's victory." ECF# 22, p. 1. The Commissioner does dispute the reasonableness of counsel's requested fee amount as excessive and duplicative based on the following. JBW first appealed his application of benefits in 2015, and the case was reversed and remanded with benefits. The claimant's counsel received an EAJA fee award of $6,400 which included 15.5 hours for reviewing the administrative record of 1,018 pages and drafting the summary of testimony and medical evidence that totaled 20 pages of the 2015 brief. For the 2019 appeal, the administrative record expanded to 1,538 pages with the relevant additions being the latest ALJ decision, the recent hearing transcripts, and new medical records. After cutting and pasting the statement of facts from her 2015 brief, counsel then summarized the additional relevant facts in ten new pages of her 2020 brief. For her time reviewing the record and drafting the statement of facts and testimony in this latest brief, counsel's billing ledger shows over 20 hours. The Commissioner argues that counsel provides "no

explanation for why it took 15.5 hours to review a 1,018-page transcript and write 18 pages in 2015, but 20.75 hours to review 152 pages and write 10 pages in 2020." ECF# 22, p. 4. The Commissioner asks the court to reduce counsel's fee award to $5,000 as she is not entitled to be paid twice for the same work.

In reply, counsel explains her billing ledger to reflect the following: 7.75 hours for preparing the introduction and summarizing 122 pages of new testimony and 1.25 hours for summarizing new medical evidence which totals 9 hours for drafting 13 new pages that summarizes 157 pages of new evidence. Counsel also billed 9.75 hours reviewing the entire record to refresh her familiarity with the facts of the case while considering the relevant issues on appeal and evaluating them within the relevant context of the most recent medical expert testimony. Counsel denies billing any time for transferring sections of her 2015 brief to her 2020 brief. Counsel criticizes the Commissioner's suggested reduction to $5,000 as not linked to specific billings in dispute. Counsel points out that litigating social security appeals is not easier after an earlier reversal and remand, as the record now must be looked at anew against recent medical expert testimony that is unfavorable to the plaintiff. Counsel believes it reasonable to bill "49 hours to prepare a brief of which 33 pages were newly summarized evidence and legal argument in a 1,538-page record." ECF# 23, p. 4. Counsel also

3

supplements her fee request for 2.75 hours in preparing the statement of consultation, the memorandum in support of fee motion, and the reply.

Sustained by the proceedings to date and consistent with the parties' concessions, the court finds that the plaintiff is the prevailing party pursuant to the sentence four reversal and remand for a calculation and award of benefits and that the Commissioner has not shown its position to have been substantially justified. EAJA fee requests are under the court's duty to review for reasonableness. *See Sieber v. Berryhill*, No. 17-2630-JWL 2018 WL 3389888, at \*2 (D. Kan. Jul. 12, 2018) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)). In seeking fees, the plaintiff bears the burden of showing its requested hourly rate and the requested number of hours are reasonable under the circumstances. *Id.* The Commissioner does not dispute that an hourly rate of $198 correctly reflects the maximum fee with the appropriate cost of living adjustment.

The only dispute here is with the reasonableness of the hours requested by the plaintiff's attorney. The Tenth Circuit in *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998), has summarized the court's relevant evaluation in this way:

> "The prevailing party must make a 'good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" *Jane L.* [*v. Bangerter*], 61 F.3d [1505] at 1510 [(10th Cir. 1995)] (quoting *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933). A district court should approach this reasonableness inquiry "much as a

senior partner in a private law firm would review the reports of subordinate attorneys when billing clients...." *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir.1983). However, "[t]he record ought to assure us that the district court did not 'eyeball' the fee request and cut it down by an arbitrary percentage...." *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1314 (7th Cir.1996) (quotations omitted).

The *Ramos* court suggested that among the factors to be considered were (1) whether the tasks being billed "would normally be billed to a paying client," (2) the number of hours spent on each task, (3) "the complexity of the case," (4) "the number of reasonable strategies pursued," (5) "the responses necessitated by the maneuvering of the other side," and (6) "potential duplication of services" by multiple lawyers. *Id*. at 554. As part of this reasonableness determination, a district court may discount requested attorney hours if the attorney fails to keep "meticulous, contemporaneous time records" that reveal "all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id*. at 553.

In this analysis, we ask what hours a reasonable attorney would have incurred and billed in the marketplace under similar circumstances. "In other words the object is to simulate the market where a direct market determination is infeasible." *Steinlauf v. Continental Illinois Corp.*, 962 F.2d 566, 572 (7th Cir.1992).

As generally stated in the past, EAJA applications in routine social security disability cases are typically between 30 and 40 hours, and hours have been reduced from applications exceeding this range in routine cases. *See Gatewood v. Colvin*, No. 13-1339-SAC, 2016 WL 8670056, at *1 (D. Kan. Oct. 14, 2016). Depending on the number and complexity of the issues raised and argued in the case, this court generally approves the reasonableness of counsel expending between 20 to 30 hours on the initial brief in a routine case. *See, e.g., Gatewood*, 2016 WL 8670056, at *2 (22.95

5

hours reasonable); *Ziegler v. Colvin*, No. 15-1097-SAC, 2016 WL 8670055, at *2 (court reduced 32.45 hours request to 28 hours for initial brief); *Tate v. Colvin*, No. 15-4870-SAC, No. 2016 WL 7373896, at *2 (Dec. 20, 2016) (court reduced requested 34.5 hours to 30.5 hours); *Hinck v. Colvin*, No. 13-1389-JWL, 2015 WL 6473562, at *3 (D. Kan. Oct. 27, 2015) (request of 38.95 hours for initial brief reduced by 10 hours); *Sigmon v. Saul*, No. 18-4049-JWL, 2019 WL 5067210, at *3 (D. Kan. Oct. 9, 2019)(30 hours reasonable).

In the 2015 case, working with a record of just over 1,000 pages, the plaintiff's counsel billed 23 hours for her initial brief of 39 pages. ECF# 22-2, p. 2. In the current case, working with same record and an additional 157 pages of new evidence, the plaintiff's counsel billed 39.5 hours for her initial brief of 55 pages. ECF# 19-1. The plaintiff counsel's explanation for this disparity in billed hours between the two briefs is not persuasive. Both briefs advance essentially the same three issues. The court appreciates the second appeal required discussing these issues within the framework of a different ALJ decision and evaluation of the evidence as well as within the context of recent testimony and medical evidence. In comparing the two briefs, the court finds the plaintiff's counsel to have cut and pasted between 18 to 20 pages of the 2015 brief into the 2020 brief. The plaintiff's counsel summarizes the additional record in the second appeal as the new ALJ

decision, 35 pages of medical evidence and 122 pages of new testimony. ECF# 21, p. 4. The recent ALJ decision, testimony and medical evidence, however, do not justify all additional hours requested for preparing the 2020 brief.

The plaintiff's counsel explains her ledger as showing she spent 7.75 hours preparing the introduction and summarizing 122 pages of new testimony and 1.25 hours summarizing the 35 pages of medical evidence for a total of 9 hours to draft 13 pages in her brief. The kind of testimony and evidence summarized here was not involved or complex. The court reduces the request by two hours. The plaintiff's counsel next explains that she spent 9.75 hours reviewing the entire record in order to consider the issues in the context of the most recent medical evidence and expert testimony. The court finds these hours excessive as the plaintiff's counsel had already reviewed and summarized this record in 2015 and did not change a word of that summary for purposes of her 2020 brief. This prior work should have assisted counsel in finding and reviewing only those parts of the record most relevant to her 2020 considerations. Thus, the court reduces this request by six hours. Finally, counsel bills 13.5 hours for drafting her three legal arguments and 6 more hours for editing. Neither the complexity of the arguments nor the length of the brief warrant this requested hours. The court reduces the request by another two hours. In conclusion, the court

finds that 39.5 hours for the initial brief is excessive and reduces those hours by a total of ten as explained above. Such a total is more consistent with counsel's billing in the first appeal while taking into account counsel's unique challenges with this second appeal. The court also finds that counsel's request for 2.75 hours to defend this fee request is reasonable.

Following its review of the itemizations and for the reasons discussed above, the court finds that a reasonable amount of time expended before this court is 41.9 hours (49.15 - 10 + 2.75). At an hourly rate of $198.00, the court finds that a total fee award of $8,296.20 is reasonable. The Commissioner did not oppose plaintiff's request for reimbursement of the filing fee; therefore, it will be granted as uncontested.

IT IS THEREFORE ORDERED that the plaintiff's motion for EAJA fees (ECF# 18) is granted in part and denied in part, and the Commissioner is ordered to pay attorney fees in the amount of $8,296.20;

IT IS FURTHER ORDERED that plaintiff's request for costs for reimbursement of filing fee in the amount of $400.00. is granted, and the Commissioner shall pay these costs from the Judgment Fund administered by the United States Treasury Department.

Dated this _6th_ day of January, 2021, Topeka, Kansas.

_____/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge

8