IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS,

J.B.W.,1

Plaintiff,

Vs.                                                          No. 19-2615-SAC

ANDREW M. SAUL,
Commissioner of Social Security,

Defendant.


MEMORANDUM AND ORDER

On September 7, 2020, the Social Security Administration

("SSA") entered a decision for benefits beginning in May 2011 and withheld

$35,908.25 or 25% from past-due benefits of $143,633.00 to pay a court

award for attorney's fees. ECF# 25, p.1; ECF# 25-1, p. 3. The plaintiff now

files a motion for attorney fees pursuant to 42 U.S.C. § 406(b). ECF# 25.

The Commissioner has filed a response indicating no objection to this motion

noting only that the plaintiff's counsel must refund the lesser of the two

fees—Equal Access to Justice Act ("EAJA") fees or 406(b) fees--to her client.

ECF# 26.

The relevant background includes the following. In March of

_____

1 The use of initials here is pursuant to the court's efforts to preserve privacy
interests. Even though the history of this litigation tempers the privacy
interests, the court will follow its practice.

2016, the court reversed the decision of the Commissioner of Social Security ("Commissioner") denying benefits and remanded it pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. *Warlop v. Colvin*, No. 15-2624-SAC, 2016 WL 1056559 (D. Kan. Mar. 15, 2016). Following that ruling, the claimant's counsel received an attorney's fees EAJA award of $6,400. On remand, the Commissioner again denied disability benefits, and the claimant appealed this decision too. On July 31, 2020, the court took up the Commissioner's motion to remand (ECF# 13) the case on this second appeal. Instead of remanding for more administrative proceedings on a disability determination, the court reversed and remanded for the award and calculation of benefits. ECF# 16. Judgment was entered pursuant to sentence four of 42 U.S.C. § 405(g) reversing the Commissioner's decision and remanding this case for a calculation and award of benefits. ECF# 17. On January 6, 2021, the court entered a memorandum and order granting in part and denying in part the plaintiff's motion for attorney fee's under EAJA for the court-related representation of the plaintiff in the Social Security appeal in the amount of $8,296.20. ECF# 24. Thus, counsel has received two EAJA awards of attorney fees totaling $14,696.20.

Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a

2

reasonable [attorney] fee ... not in excess of 25 percent of the past due benefits." Where plaintiff has agreed to a contingency fee arrangement, the court must review the agreement "as an independent check" in each case to assure a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). It falls to the plaintiff's attorney to "show that the fee sought is reasonable for the services rendered." *Id.*

The plaintiff and her attorney entered into a contingent fee agreement whereby plaintiff agreed to pay her attorney "up to 25%" of his "back benefits . . . subject to" the court's approval for reasonableness. ECF# 25-2, p. 1. The plaintiff's attorney seeks the entire amount withheld, that is, $35,908.25, with the condition that she will not request any additional fee for her work representing the claimant before the agency. After deducting the EAJA awards of $14,696.20 to be refunded to the plaintiff, his attorney will net $21,212.05. According to counsel's calculations, this amount represents 19.7 % of the total past due benefits awarded.

The court finds the counsel's supporting documents show she reasonably spent 36.75 hours on the first appeal to this court. In the second appeal, this court found that counsel reasonably expended 41.9 hours before the court. This yields a total of 78.65 hours. The court calculates an hourly rate of $456.56 from the total award of $35,908.25 and an hourly rate of $269.70 from the net award of $21,212.05. This effective hourly rate is well

3

within the range of rates found reasonable by this court. *Beyer v. Saul*, No. 17-2689-SAC, 2020 WL 4922194, at *1 (D. Kan. Aug. 20, 2020) (citing *Williams v. Berryhill*, No. 15-1255-SAC, 2018 WL 3609753, at *1 (D. Kan. Jul. 27, 2018); *Boyer v. Berryhill*, No. 15-1054-SAC, 2018 WL 2971499, at *1 (D. Kan. Jun. 12, 2018)).

Upon its review of the *Gisbrecht* factors, the court concludes that the fee award here is a reasonable result. The plaintiff's attorney is an accomplished attorney with 27 years of experience primarily representing plaintiffs in social security disability cases. She provided skillful representation for the plaintiff in two appeals having a substantial administrative record that included multiple medical opinions and several hearings. She achieved an excellent result for her client and worked diligently avoiding any responsibility for delay in the litigation. Additionally, the effective hourly rate is within the range of hourly fees that have been approved as reasonable by this court for similar work.

IT IS THEREFORE ORDERED that the motion by the plaintiff's attorney for an award of attorney fees under 42 U.S.C. § 406(b) (ECF# 25) is granted. The plaintiff's attorney is entitled to receive $35,908.25 under § 406(b). The Commissioner shall pay these fees from the amount withheld from plaintiff's past due benefits.

IT IS FURTHER ORDERED that the plaintiff's attorney shall

4

refund to the plaintiff $14,696.20, which she received as fees under the

EAJA after the plaintiff's attorney receives her $35,908.25.

Dated this  27th  day of May, 2021, Topeka, Kansas.


 s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

5